## FREDERICK M. BREDIN, RELATOR, v. GARRET A. ROOSMA, DEFENDANT.

### Argued June 6, 1911—Decided June 20, 1911.

Previous to the promulgation of the federal census of 1911 each ward in the city of Passaic was entitled to three members of the common council, and thereafter to but two, the officers retained being the "oldest and next oldest members thereof in point of service." A junior officer filed his information in *quo warranto* proceedings, charging that one of the two members next oldest in point of service to the relator had removed from the city, a condition which, if proven, would vacate his office, notwithstanding which he continued to serve and was recognized by the presiding officer as a councilman, to the exclusion of the relator. *Held,* that in ascertaining who were the two oldest members in point of service only *de jure* officers constitute the class from which the selections are to be made, and that a *de facto* officer is not a member entitled to consideration in determining who are the two "oldest" in point of service.

On *quo warranto.*

Before Justices SWAYZE, BERGEN and MINTURN.

For the relator, *Lefferts & Lefferts.*

For the defendant, *George P. Rust* and *Arthur S. Corbin.*

The opinion of the court was delivered by

BERGEN, J. The relator files his information setting up that November 8th, 1910, he was elected a member of the city council from the Second ward of Passaic for three years; that he qualified January 3d, 1911, and served until March 20th, 1911; that the defendant was elected a member from same ward in 1908 for three years and qualified January 4th, 1909, and has since been serving; that Edward Kevitt was elected at the same time from the same ward for the same period; that since August 1st, 1910, the defendant ceased to reside in the city of Passaic, but did reside in Clifton, in the same

county, the effect of which was to create a vacancy so that the relator and Kevitt were the only lawful councilmen from the Second ward, although defendant continued to act as a *de facto* officer; that from the promulgation of the census March 7th, 1911, the Second ward was entitled to but two members, and that Roosma not being a resident of the Second ward, the relator and Kevitt were the only legal members; that notwithstanding this defendant usurps relator's office and intrudes therein, being recognized by the presiding officer to the exclusion of the relator, and prays that defendant answer by what warrant he holds the office. The defendant applied for and was allowed a rule that relator show cause why the information should not be quashed and the rule to plead discharged upon the ground that—first, the action can only be brought in the name of the state; second, that the information does not show right in relator to bring *quo warranto* because it appears from the information that relator is not entitled to the office.

It was admitted on the argument, although it does not appear in the record presented, that the rule was subsequently modified, and the relator given leave to make the state a party, and defendant required to plead within ten days, which he did, raising in his plea the questions presented in support of this rule. The defendant has not filed reasons, but in his brief claims that relator was elected to a different office from that which the defendant claims—that is, that when elected there were three offices, and now there are but two, and even if relator succeeded in showing that defendant's office was vacant, he would not be entitled to it, and therefore as the present proceeding is to remove defendant and install relator he has mistaken his remedy, because even if he succeeds in showing that defendant is not entitled, that could not result in inducting relator into the office held by defendant.

As modified, the rule to show cause is little more than an embarrassment to the progress of the cause. Under the view most favorable to the defendant, all that can be said is that it is perhaps a stay which prevents the trial of the cause which is at issue. We would not quash the information for any ir-

regularity in form after plea to the merits, for such plea waives any irregularity, and if the defendant intended to dispute the legal effect of the facts set up in the information, he should have demurred to it instead of pleading to the merits. If what remains of the rule to show cause amounts to a stay of the trial of the issue, it should be discharged for that reason.

If we consider the merit of defendant's claim, the situation as disclosed by the information is this: each ward in Passaic was entitled to three councilmen, and defendant, Kevitt and the relator had each been elected as councilman from the Second ward, and all three were serving when, by the promulgation of the census of 1911, each ward became entitled to but two members, and according to law the younger in point of service must be dropped, and as it is admitted that relator was the youngest, his office would be abolished under normal conditions, but the information charges, and that must be taken to be true on this application, that the defendant, although acting, was not a *de jure* officer, and that his office was then vacant, so that on March 7th, 1911, when the number of councilmen was reduced to two, there were but two *de jure* officers, of whom relator was one, filling the offices, and that defendant had intruded into relator's office.

My opinion is that if the defendant had, by removal, vacated his office, and when the census of 1911 was promulgated, Kevitt and the relator were the only *de jure* officers, they would be "the oldest and next oldest members thereof, in point of service," and therefore under the statute entitled "An act concerning the constitution of the common council, board of aldermen or other governing body of certain cities in this state" (*Pamph. L.* 1893, *p.* 95), the relator has shown by his information a *prima facie* right to the office.

The case being at issue, there is no reason why the relator should not have a prompt trial, and as there appears to be nothing to prevent this, except the possibility that the present rule to show cause still acts as a stay to further proceedings, the rule should be discharged, with costs, and it is so ordered.